UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHILLIP SAEGER,

        Petitioner,

v.                                      Case No. 12-C-0188

WARDEN CHAMPAGNE,

        Respondent.

## SCREENING ORDER

On January 3, 2012 Petitioner Phillip Saeger filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in the Circuit Court for Washington County of two counts of burglary and was sentenced to seven years and six months of imprisonment. He is currently incarcerated at John C. Burke Correctional Center in Waupun, Wisconsin.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Saeger claims that his Fifth Amendment rights were violated when the law enforcement officers who interrogated him after his arrest did not honor his invocation of his right to remain silent. He also contends his confession was involuntary under the totality of the circumstances, including the length of time he was interrogated, his physical condition and law enforcement's use a false promise. His petition, though not on the approved form, is sufficient to state claims for relief. The Supreme Court has held that where an individual in custody invokes his right to remain silent, subsequent statements will be admissible only where the individual's "right to cut off questioning" was "scrupulously honored." *Michigan v. Mosley*, 423 U.S. 96, 104 (1975). Admission of an involuntary confession likewise violates an individual's Fifth Amendment right to remain silent. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986). I am unable to determine from the face of the petition that Saeger is not entitled to relief. Accordingly, he will be allowed to proceed on his claims that interrogation should have ceased and that his confession was involuntary.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that Petitioner's motion to amend his cover sheet (ECF No. 4) is GRANTED. Petitioner's motion to exceed the fifteen page limit of his Petition for Writ of Habeas Corpus (by five pages, for a total of twenty pages) (ECF No. 3) is also GRANTED.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[1] (NEF) to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this   27th   day of April, 2012.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge