UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHILLIP SAEGER,

        Petitioner,

  v.                                     Case No. 12-C-188

WARDEN CHAMPAGNE,

        Respondent.

**ORDER DENYING PETITIONER'S MOTIONS FOR TRANSFER AND INJUNCTION**

      Phillip Saeger filed a petition for writ of habeas corpus on January 3, 2012, alleging his state court sentence was imposed in violation of the Constitution. On May 18, 2012, Saeger filed two motions, both of which dispute his April 30th transfer from the John C. Burke Correctional Center to the Racine Correctional Institution. (ECF Nos. 17, 18.) I directed the respondent to address these motions and she has done so. (ECF No. 20.) For the reasons discussed herein, both motions will be denied.

      Petitioner's first motion is titled "Motion for Immediate Transfer Back to the Control of the Respondent." (ECF No. 17.) The John C. Burke Correctional Center is under the control and authority of Warden Champagne, the named Respondent in this case. But the Racine Correctional Institution is not under Warden Champagne's authority. Petitioner's motion suggests this transfer accordingly invalidates his habeas petition, as he is no longer under the control and authority of Warden Champagne. (ECF No. 17 at 1.)

      A federal habeas corpus action brought by a state prisoner must name as the respondent "the

state officer who has custody" of the petitioner. *See* Rule 2(a) of the Rules Governing Habeas Corpus Petitions. The assumption behind this rule is that the relief sought in such an action — release from custody — can be provided only by the custodian. *Reimnitz v. State's Attorney*, 761 F.2d 405, 409 (7th Cir. 1985). Nevertheless, Petitioner need not transfer back to the John C. Burke Correctional Center for his petition to have been properly brought before this Court. Instead, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, the warden of the Racine Correctional Institution, John Paquin, can be substituted for Warden Champagne. In so far as Saeger also asserts his transfer violates a state statute, Wis. Stat. § 782.39, the claimed violation of a state statute is not cognizable in an action brought under 28 U.S.C. § 2254. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Petitioner's "Motion for Immediate Transfer Back to the Control of the Respondent" is accordingly denied.

Petitioner's second motion requests relief in the form of an injunction. Racine Correctional Institution is a medium security facility, whereas previously Petitioner had been confined in a minimum security facility. Petitioner contends his transfer — and the corresponding increase in security — was a retaliatory response to his filing the habeas petition that underlies this case. (ECF No. 18 at 2.) Petitioner alleges he has not violated any policies or procedures that would have warranted revocation of his minimum security classification. (*Id.*) But even assuming, *arguendo*, this is true, Saeger cannot use 28 U.S.C. § 2254 to challenge the change in his security classification. *See Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000). A habeas corpus petition under § 2254 can be used only to challenge the fact or duration of custody. *Id.* at 650–51. As the court in *Moran* explained,

> State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison . . . must instead employ § 1983 or another statute authorizing damages or injunctions — when the decision may be challenged at all, which . . . will be uncommon.

218 F.3d at 651. If Saeger wants to challenge his reclassification to medium security, he needs to bring an action under 42 U.S.C. § 1983 after exhausting his state administrative remedies.

In sum, Petitioner's "Motion for Immediate Transfer Back to the Control of the Respondent" (ECF No. 17) is denied. The Court will instead substitute Warden Paquin for Warden Champagne, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases. Petitioner's "Motion for Injunction" (ECF No. 18) is also denied; should Petitioner wish to proceed on his alleged claim, he must bring it in a separate action.

**SO ORDERED** this   20th   day of June, 2012.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge